Geeen, J.
delivered the opinion of the court.
1. It is contended by the plaintiff in error that the instrument upon which his action is founded does not fix a time for the payment of the iron;'and therefore, there was no breach until the demand was made, and consequently, the measure of damages should have been the price of iron at the date of the demand. It is true the instrument does not in express words stipulate a day for the payment or delivery of the iron, but it acknowledges on the 26th day of May, 1838, that the iron was then due; and being the date of the instrument, it follows that it was due or payable the moment the contract was made. If the contract had been for money there is no question but that it would have been payable immediately, and that an action might have been maintained upon it in case of non-payment the next day. It is not perceived how the application of this language to the payment of iron instead of money can change its meaning. We think, therefore, that the day of the date of this instrument was the time specified in it for the payment of the iron; and as Elizabethton is specified as the place where it was to be delivered, it is not a contract falling within the operation of the act of 1807, ch. 95.
2. The next question is, what is the measure of damages? Unquestionably the value of the won at the time the defendants agreed to deliver it, with interest on that amount. This has been the general principle upon which our courts *420 have uniformly acted, and there is nothing peculiar in this case to prevent the application of the general rule.
3. As to the refusal of the court to instruct the jury that if the parties had agreed on the price at which the iron should be rated the price so fixed should be the measure of damages, we think there is no error. No agreement not contained in the written instrument could properly have been given in evidence to bind the parties. The only use that could have been made of the fact, that in the dealings between the two parties a particular price had uniformly been fixed, would have been to consider it as evidence of the value. This .proof was before the jury for their consideration, and there is nothing in the charge of the court preventing them from giving to it all the'weight to which it was entitled as evi-dencé'affecting the value. We think there is no error in the judgment, and therefore affirm it.